UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

IN RE: AMAZON.COM, INC., FULFILLMENT CENTER FAIR LABOR STANDARDS
ACT (FLSA) and WAGE AND HOUR LITIGATION

Master File No. 14-MD-02504 JUDGE HEYBURN
MDL No. 2504

**MEMORANDUM OPINION AND ORDER**

This multidistrict class action consolidates several proceedings brought by Amazon.com

fulfilment center employees.  In October 2010, Plaintiff Busk filed a nationwide collective and

class action,  *Busk v. Integrity Staffing Solutions Inc*., Case No. 2:10-cv-01854 (D. Nev.).  Busk

claims Defendants violated the Fair Labor Standards Act ("FLSA") and Nevada state law,

because they failed to pay hourly employees minimum wage and overtime premium pay, where

applicable.  The District of Nevada dismissed the case, setting off this circuitous chain of

litigation.  First, Plaintiffs appealed to the Ninth Circuit, which reversed.  Then, Defendants

unsuccessfully petitioned for a rehearing en banc.  Finally, in October 2013 the Supreme Court

of the United States granted Defendants a Writ of Certiorari.

Meanwhile, after the Ninth Circuit's reversal, additional plaintiffs filed nine identical

actions across three different federal judicial districts.  Unlike these related actions, *Busk* seeks to

represent a nationwide class from November 2007.  The *Busk* plaintiffs moved to centralize all of

the related proceedings under 28 U.S.C. § 1407.  In February 2014, the Judicial Panel on

Multidistrict Litigation did so and transferred the cases here.  Soon afterwards, upon agreement

of most parties, this Court stayed these proceedings, pending the Supreme Court's review of the

original *Busk* action.

Now, Plaintiffs seek to toll the statute of limitations for all current and potential opt-in plaintiffs who may join the FLSA claim pursuant to 29 U.S.C. § 216(b).  They present the Court with a smorgasbord of options:  toll the statute of limitations against Defendants Amazon.com and Integrity as of July 19, 2011, when the District Court for the District of Nevada dismissed the *Busk* action; toll as of October 15, 2013, when Plaintiffs in one of the related proceedings, *Allison v. Amazon.com, Inc.*, 3:14-cv-00168 (W.D. Wash.), filed a motion for conditional certification; toll the statute of limitations against Defendants SMX, LLC and Kelly Services, Inc., also as of October 15, 2013; and/or toll for potential opt-in plaintiffs in *Busk* as of November 24, 2010, the date Defendants filed a motion to dismiss.

To join an FLSA collective action, a putative plaintiff must opt-in to the lawsuit by filing written notice of consent to join.  *See* 29 U.S.C. § 216(b).  The FLSA statutory structure creates inherent hurdles for opt-in plaintiffs because the statute of limitations continues to run for those who haven't yet filed their consent.  *See* 29 U.S.C. § 256(b); *Baden-Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822, 826 (S.D. Ohio 2007).  For a wilful violation of the FLSA, the statute of limitations runs three years.  *See* 29 U.S.C. § 255(a).  A new cause of action arises with each violation.  *See Hasken v. City of Louisville,* 234 F. Supp. 2d 688, 691 (W.D. Ky. 2002).

If a court conditionally certifies the class, it supervises notice to putative class members of this opportunity to opt-in.  *See Hatahway v. Masonry*, 5:11-cv-121, 2012 WL 1252569, *2 (W.D. Ky. 2012).  One initial problem here is that conditional certification and the court supervised notice process has yet to occur.  Plaintiffs say that, given the opt-in requirement, the collective action mechanism in FLSA claims depends on timely notice.  At no point have the *Busk* Plaintiffs moved for conditional certification.  Prior to consolidation, Plaintiffs in related proceedings had moved for conditional certification and notice, but no court has ruled on these

motions.  In one instance, the *Allison* plaintiffs moved for conditional certification soon after filing their original complaint, but repeatedly mooted their conditional certification motion to amend the complaint prior to any court determination.

Plaintiffs make the facially reasonable argument that they are entitled to equitable tolling because factors beyond their control have delayed any decision on conditional certification, thus forestalling the court-supervised notice process.  They say that many persons with meritorious claims- potentially up to 400,000 current and former employees- are not aware of their right to join the case because no court has issued the supervised notice necessary to reach them.  These inequities could continue, they say, until sometime in 2015 when the Supreme Court decides the *Busk* case.

The doctrine of equitable tolling is sometimes available to ameliorate potential unfairnesses such as these.  *See Baden-Winterwood*, 484 F. Supp. 2d at 826.  However, a Plaintiff must demonstrate that he or she is entitled to equitable tolling.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).  The determination is fact specific, *see Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010), and made on a case-by-case basis, *see Truitt v. County of Wayne*, 148 F.3d 644, 648 (6th Cir. 1998); *see also Jesiek v. Fire Pros, Inc.*, No. 1:09-cv-123, 2011 WL 2457311, at *1 (W.D. Mich. 2011).  Equitable tolling is available "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control."  *Robertson*, 624 F.3d at 783 (citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 560-61 (6th Cir. 2000)).  A district court has discretion in determining whether equitable tolling is merited.  *Truitt*, 148 F.3d at 648.

For many years, Sixth Circuit courts determined equitable tolling by following the five factor test in *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), abrogation recognized by

*Patterson v. Lafler*, 455 F. App'x. 606 (6th Cir. 2012).  Under this test one must consider the following factors: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *Id*.  More recently, the Circuit may have embraced the two-factor test used in *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). *See Patterson*, 455 F. App'x.at 609 n.1.  Under this standard, Plaintiff would bear the burden of demonstrating: (1) that he or she pursued his or her rights diligently; and (2) that some extraordinary circumstances stood in his or her way.  *Id*. at 609.  This Court is disinclined to substitute the reasoning from an unpublished opinion for a well-established, published one.  Regardless, whether one applies the five-factor or two-factor test may not matter; the latter is like a shorthand version of the former.

So, the question is – considering these factors, can Plaintiffs justify a blanket grant of equitable tolling for putative and current opt-in plaintiffs given the circumstances of this case?  This Court cannot find a Sixth Circuit case that definitively decides this issue.  In fact, Defendants and Plaintiffs rely heavily on district court cases to advance their respective arguments.

It is fair to say that the kind of blanket tolling Plaintiffs request is not precluded.  It's true that several Sixth Circuit district courts have previously granted equitable tolling in FLSA claims to putative opt-in plaintiffs.  But several of these cases differ in that the court had already granted conditional certification and, often, that motion had been pending for quite some time.  *See, e.g*., *Struck v. PNC Bank N.A*., 931 F. Supp. 2d 842, 844, 848-49 (S.D. Ohio 2013).  Although another MDL to consider this issue applied Sixth Circuit law and granted equitable tolling, *see In re Bank of American Wage and Hour Employ't Litigation*, 2010 WL 4180530 (D. Kansas 2010),

the facts of that case differed significantly in that the plaintiffs in a related action had been granted tolling prior to consolidation.

It appears premature to grant blanket equitable tolling for plaintiffs who are currently hypothetical and have not yet come before this court.  This is particularly true because 29 U.S.C. §216(b) states that no employee other than the plaintiff  "shall be a party plaintiff to [a FLSA collective] action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C. §216(b); *see also Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1122 (9th Cir. 2009).  Further, a plaintiff's diligence is relevant to this analysis.  But: the Court does not yet possess knowledge sufficient to establish the diligence of all opt-in plaintiffs.

Plaintiffs' argument that a failure to opt-in without knowledge of the opportunity to do so does not indicate a lack of diligence, while possibly true, ignores their affirmative burden to show diligence.  For instance, in some cases plaintiffs may have had notice or should have known of the proceedings from other sources- and thus their failure to opt-in could indicate a lack of diligence. All of this, however, is unnecessary speculation at this point because plaintiffs have not demonstrated diligence in a manner that merits blanket tolling.

It is possible, as Plaintiffs further contend, that simply granting blanket equitable tolling here and now could prove more efficient given the high number of potential opt-in plaintiffs. But does this anticipation merit blanket equitable tolling?  This Court thinks not.  It is unproductive at this point to speculate about the diligence of 400,000 putative plaintiffs.  The Court is unaware of their situations or even their interest in joining the current claim.

Other Sixth Circuit district courts have rejected blanket tolling orders, concluding that a court cannot pre-emptively determine whether each plaintiff has diligently pursued his or her claims. *See Jesiek*, 2011 WL 2457311, at *2; *Noble v. Serco, Inc.*, 2009 WL 3254143 (E.D. Ky. 2009); *Matthews v. ALC Partner, Inc.*, 2009 WL 2591497 (E.D. Mich. 2009).  This, in the Court's view, is the better approach.  It allows a more fact intensive inquiry and avoids presumptively siding with potential plaintiffs who are not yet parties to this case.   Plaintiffs' strong arguments notwithstanding, the Court does not see this approach as contrary to FLSA's broad remedial purposes or its statutory scheme that can ultimately facilitate large group actions.

To deny equitable tolling now certainly does not preclude some form of it later.  Plaintiffs or groups of them may well establish their diligence and demonstrate that they qualify as an instance of "extraordinary circumstances."  But, for now, a blanket equitable tolling of all current and prospective opt-in plaintiffs is unjustified and premature.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for an equitable tolling is DENIED.

cc:      Counsel of Record