UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

IN RE: AMAZON.COM, INC., FULFILLMENT CENTER FAIR LABOR STANDARDS ACT (FLSA) and WAGE AND HOUR LITIGATION

Master File No. 14-MD-2504         JUDGE HEYBURN
MDL No. 2504

THIS DOCUMENT RELATES TO:
Neal Heimbach, et al. v. Amazon.com, Inc., 3:14-cv-204-JGH
Kelly Pavuk v. Amazon.com, Inc., et al., 3:14-cv-201-JGH

### *HEIMBACH* AND *PAVUK* PLAINTIFFS' MOTION REQUESTING A SUGGESTION OF REMAND[1]

Plaintiffs in the above-referenced Heimbach and Pavuk actions respectfully request, pursuant to JPML Rule 10.1(b)(i), that this Court suggest that the JPML remand Heimbach to the Eastern District of Pennsylvania ("EDPA") and Pavuk to the Middle District of Pennsylvania ("MDPA"). Such relief is warranted for the following reasons:

1.  In February 2014, the JPML centralized five separate actions before this Court for pretrial proceedings. See MDL No. 2504 at Doc. 55. Each centralized action asserts claims under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, on behalf of workers at various Amazon.com fulfillment centers. *Id.*

2.  At the time of the JPML's initial transfer order, Heimbach was pending in the EDPA, and Pavuk was pending in the MDPA. Heimbach consists *entirely* of a single claim that Amazon and Integrity violated the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§333.101, *et seq.*, by failing to pay workers at Amazon's Breinigsville, PA facility for time

---

[1] Plaintiffs believe this is the type of motion that does not require a memorandum under Local Civil Rule 7.1(a). Of course, Plaintiffs will promptly file a memorandum if the Court disagrees with their interpretation of the Local Rule.

1

associated with security screenings.  Pavuk consists *entirely* of a similar PMWA claim on behalf of workers at Amazon's Hazleton, PA facility.

3. The JPML subsequently transferred Heimbach and Pavuk to this Court.  See MDL No. 2504 at Doc. 59.

4. In March 2014, the Court entered an order staying all MDL proceedings pending the United States Supreme Court's ruling in Integrity Staffing Solutions v. Busk.  See Case 3:14-md-02504-JGH at Doc. 16.

5. In April 2014, the Heimbach/Pavuk Plaintiffs sought to lift the stay to engage in discovery specific to the two Pennsylvania facilities.  See Case 3:14-md-02504-JGH at Doc. 41.  The Heimbach/Pavuk Plaintiffs argued that, since their Pennsylvania claims were entirely independent of the FLSA, the Supreme Court's Busk decision would have little impact on their cases.  Id.

6. In June 2014, the Court granted the Heimbach/Pavuk Plaintiffs' motion and lifted the stay "for the limited purpose of pursing facility specific discovery in [Heimbach and Pavuk]."  See Case 3:14-md-02504-JGH at Doc. 64.  The Court reasoned that "the Supreme Court's decision in Busk interpreting the Portal Act seems unlikely to implicate either case." Id.  Thus, "discovery limited to the operations of the two Pennsylvania fulfillment centers [in Heimbach/Pavuk] alone would allow these cases to proceed without undue risk of duplicating discovery that may be necessary later in the FLSA cases." Id.

7. Following the Court's June 2014 order, discovery in Heimbach/Pavuk proceeded.  Most significantly, the Heimbach Plaintiffs obtained from Amazon a substantial body of electronic timekeeping and payroll data pertaining to the alleged post-shift activities of workers at the Breinigsville, PA facility.  Plaintiffs retained an expert – Liesl Mae Fox, Ph.D. of Vestavia

Hills, AL – to review and analyze the data.  After substantial negotiation and analysis during the course of several months, all parties to the Heimbach action have agreed upon the proper format and parameters for a single, all-inclusive data set.  This supplemental data set has been produced by Amazon.  By the end of next week, the Heimbach Plaintiffs will serve Defendants with a Rule 26 expert report drafted by Dr. Fox and quantifying the amounts of uncompensated post-shift time allegedly owed to each worker at the Breinigsville, PA facility.  Moreover, Dr. Fox is poised to perform a similar analysis and prepare a similar expert report covering the Hazleton, PA facility.

8. As indicated above, the Heimbach/Pavuk Plaintiffs are making good progress in litigating their Pennsylvania claims.  Now that the Supreme Court has resolved the FLSA claims in Defendants' favor, the efficiencies and economies that originally weighed in favor of centralizing Heimbach/Pavuk no longer exist.

**WHEREFORE**, the Heimbach/Pavuk Plaintiffs request that the Court enter the accompanying proposed order suggesting to the JPML that the Heimbach/Pavuk actions be remanded to the EDPA and MDPA.

Date:  January 7, 2015

Respectfully,

/s/ Pete Winebrake
Pete Winebrake
R. Andrew Santillo
Mark Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491

*For the Pavuk and Heimbach Plaintiffs*