# EXHIBIT A

*Settlement Agreement*

# EXHIBIT A

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

IN RE: AMAZON.COM, INC. FULFILLMENT CENTER FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION.

Master File No. 14-MC-2504          JUDGE DAVID J. HALE
MDL No. 2504

THIS DOCUMENT RELATES TO:
Saldana et al. v. Amazon.com, LLC, et al., 3:14:cv-00290-JDH
Allison et al. v. Amazon.com, et al., 3:14-cv-00168-JDH

## JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT

This Joint Stipulation of Class Action Settlement and Release (hereinafter "Settlement Agreement" or "Settlement") is made and entered into as of April 10, 2020, by and between the following parties: Plaintiff Khadijah Robertson ("Plaintiff," "Robertson," and/or the "Class Representative") on behalf of herself and all other class members on the one hand, and Defendants Amazon.com, LLC, and Amazon.com Services LLC (into which Golden State FC, LLC merged effective January 1, 2019) (collectively referred to herein as "Amazon" or "Defendants") on the other hand, through their respective counsel of record. Plaintiff and Defendants are referred to and defined collectively herein as "the Parties." Thierman Buck LLP, The Markham Law Firm, Cohelan Khoury & Singer, Hamner Law Offices APC, and United Employees Law Group PC, are counsel for Plaintiff in this action and are defined and referred to herein as "Class Counsel."

## RECITALS

A.      On December 19, 2013, Plaintiffs David C. Saldana ("Saldana"), Ladaisja Brewster ("Brewster"), and Monia Carlin ("Carlin"), former employees of SMX, LLC, filed a class action complaint for damages, injunctive relief, and restitution entitled *David C. Saldana, Ladaisja Brewster, and Monica Carlin, on behalf of themselves and all others similarly situated v.*

1

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

*Amazon.com, LLC, a Delaware Limited Liability Corporation, SMX, LLC, an Illinois Limited Liability Company; Staff Management, LLC, an Illinois Limited Liability Company, and Does 1 through 10, inclusive.* The Complaint was filed in the Superior Court of California for the County of Los Angeles and assigned Case No. BC531096 (the "Lawsuit").

B.      Before the Lawsuit was filed, on April 12, 2013, the U.S. Court of Appeals for the Ninth Circuit issued a decision in *Busk v. Integrity Staffing Solutions, Inc.*, 713 F.3d 525, holding that employees can bring an overtime claim under the Fair Labor Standards Act ("FLSA") for time spent undergoing a security screening at the end of each shift.

C.      On January 28, 2014, Saldana, Brewster and Carlin filed a First Amended Class Action Complaint for Damages, Injunctive Relief and Restitution.

D.      On February 28, 2014, Defendants Amazon.com, LLC and Golden State FC, LLC removed the matter to the United States District Court for the Central District of California, case number 2:14-cv-01545, assigned to Judge Manuel Real.

E.      On April 3, 2014, the Lawsuit was transferred to the Western District of Kentucky and assigned to the Honorable John G. Heyburn, II pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multi-district Litigation for consolidation in *In re: Amazon.com, Inc., Fulfillment Center Fair Labor Standards Act (FLSA) and Wage and Hour Litigation*.

F.      On June 12, 2014, Plaintiffs Saldana, Brewster, and Carlin filed a Second Amended Class Action Complaint, adding Robertson as a Plaintiff and proposed class representative in order to perfect a claim against Golden State, FC, LLC, a Washington Limited Liability Company as a defendant (the "Operative Complaint").

G.      The Operative Complaint asserts causes of action against Defendants for: (1) Failure to Pay Hourly Wages (Lab. Code §§ 200-204, 1194; IWC Order 2-2001); (2) Failure to Pay Overtime Wages (Lab. Code §§ 200-204, 1194; IWC Order 2-2001); (3) Failure to Provide Meal Periods or Compensation in Lieu Thereof (Lab. Code § 226.7, IWC Order 5, Cal. Code Regs., Title 8 § 11050); (4) Failure to Provide Rest Periods or Compensation in Lieu Thereof (Lab.

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

Code §§ 226.7, 512; IWC Order 5, Cal. Code Regs., Title 8 § 11050; (5) Failure to Timely Pay Wages of Terminated or Resigned Employees (Lab. Code, §§ 201-203); (6) Knowing and Intentional Failure to Comply with Itemized Employee Wage Statement Provisions (Lab. Code, § 226(a), (b)); (7) Violations of the Unfair Competition Law; and (8) Violations of the Private Attorneys General Act of 2004 ("PAGA") (Lab. Code § 2698 *et seq.*). The claims all arise out of uncompensated time allegedly spent waiting to undergo security screening at Amazon.com warehouse facilities in California and from other alleged violations of California law. All claims in the Operative Complaint arise under California law.

H.      On December 9, 2014, the United States Supreme Court issued its decision in *Busk*, holding that time spent undergoing security screening is not compensable under the FLSA. The *Busk* decision did not address whether such time was compensable under California state law.

I.      On November 3, 2015, Plaintiffs Saldana, Brewster, and Carlin filed a motion for preliminary approval of a settlement between them and defendants SMX, LLC and Staff Management, LLC.  This Court granted preliminary approval of that settlement on May 4, 2016, and granted final approval on October 31, 2016.

J.      On June 7, 2016, Amazon filed a motion for summary judgment as to Plaintiff Robertson's claims.  This Court granted that motion on June 20, 2017.  Robertson timely appealed that decision to the United States Court of Appeals for the Sixth Circuit.

K.      On April 1, 2020, before the Sixth Circuit's resolution of Robertson's appeal, Robertson and Amazon jointly moved for remand to this Court to consider the Parties' joint motion for settlement.

L.      The Parties agree that, subject to Court approval, it is in their respective best interests to settle and resolve their dispute without further litigation on the terms and conditions set forth in this Settlement Agreement.

M.      The purpose of this Settlement Agreement is to settle, fully and finally, all differences between the Parties, including the class members, up to the date of preliminary approval hereof regarding the claims released herein.

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

N.     The settlement of this Lawsuit is the result of intensive arms' length negotiations between Class Counsel and counsel for Defendants.

**NOW, THEREFORE**, in consideration of the terms, conditions and promises set forth herein, it is agreed as follows:

1.     <u>Conditional Nature of Settlement Agreement.</u> This Settlement Agreement is for the sole purpose of attempting to consummate a settlement of the Lawsuit on a class wide basis and represents a compromise of disputed claims. Because this is a class action, the Settlement must receive preliminary and final approval from the Court. In the event that the Court does not grant final approval or in the event that the Effective Date of Settlement as defined herein does not occur, this Settlement Agreement shall be deemed null and void *ab initio* and neither this Settlement Agreement nor the Court's preliminary or final approval of the Settlement (if any) shall be of any force or effect, and neither shall be referred to or utilized for any purpose whatsoever.

2.     <u>No Admission of Liability.</u> Defendants enter into this Settlement Agreement without acknowledging any fault, liability or wrongdoing. Neither this Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the merits of any claim or the truth of any of the allegations asserted in the Lawsuit. Defendants hereby deny all of Plaintiffs' claims as to liability and damages and do not waive, but rather expressly reserve, all rights to challenge all such claims and allegations upon all procedural and factual grounds in the event this Settlement Agreement does not become effective as defined herein.

3.     <u>Settlement Class and Subclasses.</u> For purposes of the settlement of the Lawsuit, the Settlement Class is defined as:

> All non-exempt employees employed by Amazon in California who worked at an Amazon.com warehouse facility (fulfillment centers and sortation centers) ("Covered Facilities") from October 1, 2012 until the date that the preliminary approval of the proposed settlement is ordered ("Class Members").

a.     <u>Pre-May 2013 Subclass.</u> For purposes of the settlement of the Lawsuit, the Pre-May 2013 Subclass is defined as:

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

Those Class Members who were employed by Amazon in California and who worked at an Amazon.com Covered Facility from October 1, 2012 through April 30, 2013.

b.      Post-May 2013 Subclass. For purposes of the settlement of the Lawsuit, the Post-May 2013 Subclass is defined as:

Those Class Members who were employed by Amazon in California and who worked at an Amazon.com Covered Facility from May 1, 2013 until the date that the preliminary approval of the proposed settlement is ordered.

Each individual in the Settlement Class shall be referred to as a Settlement Class Member in this Settlement Agreement. Each individual in the Pre-May 2013 Subclass shall be referred to as a Pre-May 2013 Subclass Member. Each individual in the Post-May 2013 Subclass shall be referred to as a Post-May 2013 Subclass Member. The Settlement Class shall not include individuals who file a timely request to opt-out pursuant to Paragraph 14 of this Settlement Agreement ("Opt-outs"). Those Opt-outs shall not be held to release any claims for individual relief nor shall they participate in the Settlement. The Parties agree that Amazon's records are sufficient to identify all Settlement Class Members.

4.      Settlement Payments. Defendants agree to make the payments set forth in subparagraphs a-d on the terms set forth herein, in exchange for the releases provided in this Settlement Agreement. In no event shall Defendants be obligated to pay under this Settlement Agreement more than $11,132,134 (the "Gross Settlement Fund") which shall cover payments to the Settlement Class Members, attorneys' fees and costs to Class Counsel as approved by the Court, reasonable fees and expenses paid to the Settlement Administrator as approved by the Court, service fees to the Class Representative, penalties, interest and taxes, except that Defendants agree that the employer's portion of tax payments shall be paid separately by Defendants. The Gross Settlement Fund minus the attorneys' fees and costs to Class Counsel, fees and expenses paid to the Settlement Administrator, service fees to the Class Representative, and the penalty payment to the California Labor & Workforce Development Agency ("LWDA") shall be defined as the "Class Payment Amount." The Parties agree that the Class Payment Amount, which is estimated to amount to

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

$7,158,530 of the Gross Settlement Fund, is intended to cover payments to the Settlement Class Members as set forth in this Settlement Agreement.

        a.      Subject to Court approval, Class Representative Robertson shall be paid ten thousand dollars ($10,000) within thirty (30) days of the Effective Date of the Settlement Agreement as an enhancement payment. The Settlement Administrator will issue an IRS Form 1099 to the Class Representative. Prior to issuing this enhancement payment, the Class Representative must provide Defendants with a properly completed IRS W-9 form. Defendants make no representations or warranties with respect to the tax treatment of such payments to the Class Representative by any local, state, or federal taxing authority. Class Representative agrees to indemnify and hold harmless Defendants from any liability for any taxes, penalties, or interest that may be assessed by any taxing authority due to the fact that Defendants made, or failed to make, withholdings or deductions from the payment to the Class Representative.

        b.      The Settlement Administrator shall pay each Pre-May 2013 Subclass Member who does not timely opt-out of the Settlement, twenty dollars ($20) per shift worked by that Pre-May 2013 Subclass Member at an Amazon.com Covered Facility in California during the time period October 1, 2012 through April 30, 2013.  The number of shifts each participating Pre-May 2013 Subclass Member worked shall be determined by reference to Defendants' records. The Settlement Administrator shall make the payments to the Pre-May 2013 Subclass Members within thirty (30) days of the Effective Date of this Settlement Agreement.  The Class Payment Amount minus the total amount of all payments to the Pre-May 2013 Subclass Members shall be defined as the "Remaining Class Payment Amount."

        c.      The Settlement Administrator shall pay to each Post-May 2013 Subclass Member who does not timely opt-out of the Settlement an amount equal to the Remaining Class Payment Amount divided by the total number of Post-May 2013 Subclass Members who do not timely opt-out of the Settlement (which amount the Parties estimate to be approximately $30 per Post-May 2013 Subclass Member based on the estimated Subclass size as of the date of this Settlement Agreement is filed).  The Settlement Administrator shall make the payments to the

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

Post-May 2013 Subclass Members within thirty (30) days of the Effective Date of this Settlement Agreement.

      d.     Out of the Gross Settlement Fund, Defendants shall pay $250,000 to the California Labor & Workforce Development Agency to resolve and settle claims for penalties under the California Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2698 *et seq.* This represents 75% of the total amount of $333,333.33 that Defendants will pay out of the Gross Settlement to resolve and settle claims for PAGA penalties. The remaining 25% ($83,333.33) is part of the Class Payment Amount that will be distributed to each Settlement Class Member as part of the payments described above.

      e.     The payment made to each Settlement Class Member shall be allocated one third to wages, one third to penalties, including PAGA penalties, and one third to interest. The Settlement Administrator will issue an IRS Form 1099 form to each participating Settlement Class Member for the penalty and interest portions of the settlement payment. Defendants make no representations or warranties with respect to the tax treatment of the settlement payments by any local, state, or federal taxing authority. Settlement Class Members each agree to indemnify and hold harmless Defendants from any liability for any taxes, penalties, or interest that may be assessed by any taxing authority due to the fact that Defendants made, or failed to make, withholdings or deductions from the settlement payments to the Settlement Class Members.

      5.    <u>Attorneys' Fees and Costs.</u> Defendants will not oppose, and Class Counsel agrees that it will not seek more than, attorneys' fees amounting to $3,673,604 and costs not to exceed $25,000. Defendants shall pay the attorneys' fees and costs within thirty (30) days of the Effective Date of this Settlement Agreement or within thirty (30) days of the Court's order establishing the attorneys' fees and costs to be paid, whichever comes later and pursuant to any instructions or limitations set forth in the Court's order. Defendants shall issue an IRS Form 1099 to Class Counsel for the payment of attorneys' fees and costs.

      6.    <u>Release.</u> Upon final approval by the Court of this Settlement Agreement, and except as to such rights or claims as may be created by this Settlement Agreement, the Class Representative

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

and the Settlement Class Members and their successors in interest (the "Releasors"), fully release and discharge Defendants and any and all of their parent, subsidiary, predecessor, successor, and affiliated entities or related entities (including but not limited to Amazon.com Inc.), current and former directors, officers and employees (the "Releasees") from any and all claims, whether known or unknown, and including those overlapping claims asserted in the consolidated actions captioned *Trevino v. Golden State FC LLC*, Nos. 18-cv-00120-DAD (BAM), 18-cv-00121, 18-cv-00567, 18-cv-01176, and 18-cv-17-01300, currently pending in the U.S. District Court for the Eastern District of California, for: (1) Failure to Pay Hourly Wages (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code §§ 200-204, 206, 210, 212, 223, 510-11, 558, 1194, 1194.2, 1197, 1197.1, 1198, 1199; any IWC Wage Order); (2) Failure to Pay Overtime Wages (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code §§ 200-204, 206, 212, 510-11, 558, 1194, 1197.1, 1198, 1199 any IWC Wage Order); (3) Failure to Provide Meal Periods or Compensation in Lieu Thereof (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code §§ 200, 220, 226.7, 512, 558, 1197.1, 1198, 1199, any IWC Wage Order, Cal. Code Regs., Title 8 §§ 11010 through 11170); (4) Failure to Provide Rest Periods or Compensation in Lieu Thereof (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code §§ 200, 220, 226.7, 512, 558, 1197.1, 1198, 1199; any IWC Wage Order, Cal. Code Regs., Title 8 §§ 11010 through 11170; (5) Failure to Timely Pay Wages of Terminated or Resigned Employees (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code, §§ 201-204, 210, 227.3, 558, 1197.1, 1199); (6) Failure to Comply with Lab. Code, § 226 or § 1174 (including any and all claims for penalties associated therewith, brought under any theory of recovery, or seeking any form of relief, including pursuant to Labor Code § 226.3 or § 1174.5); (7) Violations of the Unfair Competition Law (including any

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Bus. & Prof. Code § 17200 *et seq.*); (8) Claims for penalties brought pursuant to PAGA (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code § 2698 *et seq.*); (9) Violations of Lab. Code § 2810.5 (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action); and (10) Failure to Pay Wages for Work Performed Off-the-Clock (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action); and any other derivative or penalty claims, including, but not limited to California Labor Code violations, including any alleged recordkeeping violations (such as a claim brought under Labor Code §§ 226, 226.3 or 1174), Wage Order violations, common law claims, federal law violations (including violations of the Fair Labor Standards Act), and any claims arising under PAGA for work performed as an Amazon employee at a Covered Facility in California ("Released Claims"). It is the express intent of the Parties that the release in this paragraph applies to any claim against Defendants and their parents, subsidiaries, affiliated or related entities for the time period during which Settlement Class Members worked for Defendants at Covered Facilities in California. The release in this paragraph applies to claims arising from the Releasors' employment with Defendants in the State of California from October 1, 2012 until the date of preliminary approval of this Settlement Agreement. This release does not include claims to enforce this Settlement Agreement pursuant to its terms.

7.    <u>Waiver of Civil Code Section 1542</u>. For the purpose of implementing a full and complete release of the claims in Paragraph 6 of this Settlement Agreement, Plaintiff and Settlement Class Members expressly acknowledge that the releases given in this Settlement Agreement are intended to include, without limitation, claims that Plaintiff or Settlement Class Members did not know or suspect to exist in their favor at the time of the effective date of this Settlement Agreement, regardless of whether the knowledge of such claims, or the facts upon which they might be based, would materially have affected the settlement of this matter; and that the consideration given under

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

this Settlement Agreement was also for the release of those claims and contemplates the extinguishment of any such unknown claims, despite the fact that California Civil Code section 1542 may provide otherwise. Limited to the scope of the claims released in Paragraph 6 of this Settlement Agreement, Plaintiff and Settlement Class Members who do not timely opt out expressly waive any right or benefit available to them in any capacity under the provisions of California Civil Code section 1542, which provides as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

8. <u>Preliminary Approval.</u> The Parties shall promptly submit this Settlement Agreement to the U.S. District Court for the Western District of Kentucky in support of the Parties' Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy and reasonableness. The Parties shall apply to the Court for the entry of a preliminary order accomplishing the following:

      a. Scheduling a final approval hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable and adequate as to the Settlement Class Members;

      b. Approving as to form and content the proposed Class Notice and Opt-Out Notice;

      c. Designating _____ as the Settlement Administrator;

      d. Directing notice by First Class Mail of the Class Notice; and

      e. Preliminarily approving the Settlement.

9. <u>Settlement Administrator.</u> The Court shall approve the appointment of a qualified settlement administrator selected by the Parties as the Settlement Administrator to administer the Settlement. The Parties will not oppose payment of reasonable fees and expenses to the Settlement Administrator from the Gross Settlement Fund in an amount not to exceed $15,000. Defendants

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

shall pay the Settlement Administrator's reasonable fees and expenses within thirty (30) days of the Effective Date of this Settlement Agreement or within thirty (30) days of the Court's order establishing the amount of such fees and expenses to be paid, whichever comes later and pursuant to any instructions or limitations set forth in the Court's order.  Defendants shall issue an IRS Form 1099 to the Settlement Administrator for the payment of its reasonable fees and expenses.

10.      Settlement Notice. Within fifteen business days of the Court's order granting preliminary approval, Defendants shall provide the Settlement Administrator with the following information from their records: Each Settlement Class Member's full name, last known address and last four digits of Social Security Number ("Settlement Class Members' Information"). After receipt of the Settlement Class Members' Information from Defendants, the Settlement Administrator will perform a search and update using the National Change of Address Database to correct any known or identifiable address changes for Settlement Class Members. Within fourteen calendar days of receipt of the Settlement Class Members' Information from Defendants, the Settlement Administrator shall cause a copy of the Notice of Settlement in the form attached hereto as Exhibit A ("Class Notice") along with the opt-out form attached hereto as Exhibit B ("Opt-Out Form"), all as approved by the Court, to be mailed by first class mail to the Settlement Class Members. The Parties agree that the proposed Class Notice, sent by first class mail, constitutes the best notice practicable under the circumstances, and constitutes due and sufficient notice of the pendency of proposed Settlement and a fairness hearing to all persons entitled to notice in full compliance with due process under the United States Constitution and California law.

11.      Settlement Administration Oversight. Defendants and Class Counsel agree that all documentation relating to the administration of the Settlement shall promptly be made available to counsel for either party upon that party's request, and that any dispute relating to the administration of the Settlement shall be submitted to the Settlement Administrator for final resolution.

12.      Opt-Outs and Objections. The Class Notice contains instructions to Class Members regarding opting out of the Lawsuit (using an Opt-Out Form which will be mailed with the Class Notice) and making objections to the Settlement Agreement. Settlement Class Members shall have

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

forty-five (45) days from the date of the mailing of the Class Notice to mail the Opt-Out Form to the Settlement Administrator if they wish to opt out of the Lawsuit. The Settlement Administrator must file all Opt-Out Forms received with the Court and serve copies on Defendants' counsel and Class Counsel no later than ten (10) days after the opt-out period expires. Settlement Class Members shall also have forty-five (45) days from the date of mailing to file written objections with the Court and serve copies of those objections on the Parties' counsel in this action. If more than five percent (5%) of the potential Settlement Class Members opt out of the Settlement, at Defendants' discretion, the Settlement Agreement can be rendered null and void upon written notice by Defendants to Class Counsel. If Defendants exercise this option, the Parties will be restored to their positions prior to the settlement negotiations and settlement of the Lawsuit and all stipulations, agreements and covenants contained in this Settlement Agreement are forever extinguished.

13.     <u>Final Approval</u>.  Class Counsel will submit a proposed final order and judgment for the final approval hearing, to include:

a.     Approving the Settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions;

b.     Approving Class Counsel's application for an award of attorneys' fees and costs not to exceed the maximum amount set forth herein;

c.     Approving the enhancement payment to the Class Representative not to exceed the maximum amount set forth herein; and,

d.     Entering a judgment barring all Settlement Class Members, excepting those who opt-out, from prosecuting against Defendants, or their present or former agents, servants, attorneys, stockholders, heirs, executors, representatives, successors, or assigns, any individual or class claims which are released by this Settlement Agreement, upon satisfaction of all payments and obligations hereunder.

14.     <u>Effective Date of Settlement</u>.  The Settlement embodied in this Settlement Agreement shall become effective (i) in the event that there is no objection to the Settlement, on

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

the date the court enters a final order and judgment approving the Settlement, or (ii) in the event that there is an objection to the Settlement upon the latter of: (a) the expiration of time for appeal of the Court's order finally approving the Settlement; or (b) the final resolution of any appeal from the Court's order finally approving the Settlement. These deadlines may be waived in writing by the Parties.

15.     Cooperation of the Parties. The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and taking of such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. Defendants warrant that they are not insolvent and the payments promised hereunder will not under foreseeable conditions render them insolvent. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and their counsel, take all necessary steps to secure the Court's preliminary and final approval of this Settlement Agreement

16.     Modifications / Entire Agreement. This Settlement Agreement may be amended or modified only by written instrument signed by or on behalf of all Parties or their respective successors-in-interest. This Settlement Agreement and its exhibits constitute the entire agreement among the Parties to the Settlement Agreement and no representations, warranties, or inducements have been made to any party concerning the Settlement Agreement or its exhibits, other than the representations, warranties, and covenants covered and memorialized in such documents.

17.     Authorized Representatives. Class Counsel, on behalf of the Settlement Class, are expressly authorized by the Class Representative to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Settlement Agreement to effectuate its terms. Each counsel or other person executing the Settlement Agreement or any

13

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

of its exhibits, on behalf of any party to the Settlement Agreement, hereby warrants that such person has the full authority to do so. The Settlement Agreement may be executed in one or more counterparts. All executed counterparts, and each of them, shall be deemed to be one in the same instrument. A complete set of original counterparts shall be filed with the Court. This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties to this Settlement Agreement.

18.     <u>Jurisdiction</u>. The Court has jurisdiction over this case and shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Settlement Agreement, and all Parties to the Settlement Agreement submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement Agreement. The failure of any party to this Settlement Agreement to perform its obligations hereunder shall not subject such party to any liability or remedy for damages or otherwise, for such failures occasioned in whole or in part by acts of God, fire, accidents, earthquakes, other natural disasters, explosions, floods, wars, shortages of material or supplies, governmental laws, restrictions, rules or regulations, sabotage, acts or failures of any third party, or any other similar or different circumstances beyond the reasonable control of such party.

19.     <u>Interpretation of Settlement Agreement / Choice of Law</u>. None of the Parties, or their respective counsel, shall be deemed to be the drafter of this Settlement Agreement or its exhibits. The language and all parts of this Settlement Agreement and its exhibits shall be interpreted according to their fair meaning, and shall not be interpreted for or against any of the Parties. The Settlement Agreement and its exhibits shall be construed and enforced in accordance with, and governed by, the laws of the State of California without giving effect to the State's choice of law principles.

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

DocuSign Envelope ID: 4CB2D72B-C6B5-4BB0-B296-C1E66DF5F7CD

IT IS SO AGREED:

PLAINTIFF AND CLASS COUNSEL:

Date: _____ By: _____

                               KHADIJAH ROBERTSON
                               Class Representative

Date: 04 / 28 / 2020 By: _____

                               MARK THIERMAN
                               On Behalf of all Class Counsel

DEFENDANTS AND DEFENDANTS' COUNSEL:

Date: April 28, 2020 By: _____

                             DocuSigned by:
                             Zane Brown
                             DDF214FDD377494...
                             Amazon Title: Vice President and Associate General Counsel

Date: 04/28/2020 By: _____

                               RICHARD G. ROSENBLATT
                               Attorney for Defendants

Doc ID: aef6016ce83177299fa35bbdc3702d05d57b50d3

IT IS SO AGREED:

PLAINTIFF AND CLASS COUNSEL:

Date: _____4/30/2020_____ By: _*Khadijah Robertson*_

                                              KHADIJAH ROBERTSON
                                              Class Representative

Date: _____ By: _____
                                              MARK THIERMAN
                                              On Behalf of all Class Counsel

DEFENDANTS AND DEFENDANTS' COUNSEL:

Date: _____ By: _____
                                              Amazon Title:

Date: _____04/28/2020_____ By: _____
                                              RICHARD G. ROSENBLATT
                                              Attorney for Defendants

15

 **HELLOSIGN**

Audit Trail

| | |
|---|---|
| **TITLE** | 2020 04 28 Saldana Settlement Agreement w_RGR signature... |
| **FILE NAME** | 2020%2004%2028%20...%28Amended%29.pdf |
| **DOCUMENT ID** | aef6016ce83177299fa35bbdc3702d05d57b50d3 |
| **AUDIT TRAIL DATE FORMAT** | MM / DD / YYYY |
| **STATUS** | ● Completed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| ⟲ SENT | **04 / 28 / 2020** 23:27:03 UTC | Sent for signature to Mark Thierman (mark@thiermanbuck.com) from josh@thiermanbuck.com IP: 75.141.221.189 |
| ⊙ VIEWED | **04 / 28 / 2020** 23:27:07 UTC | Viewed by Mark Thierman (mark@thiermanbuck.com) IP: 209.222.82.234 |
| ✐ SIGNED | **04 / 28 / 2020** 23:59:07 UTC | Signed by Mark Thierman (mark@thiermanbuck.com) IP: 24.176.187.110 |
| ⊘ COMPLETED | **04 / 28 / 2020** 23:59:07 UTC | The document has been completed. |

# EXHIBIT 1

*Class Notice*

# EXHIBIT 1

United States District Court, Western District of Kentucky (Louisville)
*Saldana et al. v. Amazon.com, LLC, SMX, LLC, et al.*
Case No.  14-cv-00290-DJH; MDL Case No. 14-MD-2504

## NOTICE OF CLASS ACTION SETTLEMENT

# If you were employed by AMAZON.COM, LLC and AMAZON.COM SERVICES LLC (formerly known as Golden State FC LLC) in California and worked at an Amazon.com warehouse facility (fulfillment and sortation centers) at any time during the period from October 1, 2012 through *[insert preliminary approval date]*, you may be a Class Member and may have the right to participate in the Settlement described in more detail below.

*A court authorized this notice.  This is not a solicitation.*
*This is not a lawsuit against you and you are not being sued.*
*However, your legal rights are affected whether you act or don't act.*

**IMPORTANT:**

- **Amazon.com, LLC and Amazon.com Services LLC ("Amazon.com") support the Settlement and will not retaliate in any manner against any Class Member who participates in the Settlement or who chooses not to participate in the Settlement.**

*PLEASE READ THIS NOTICE CAREFULLY.*

## WHAT THIS NOTICE CONTAINS

I.     What is the purpose of this Notice? ............................................................. Page 2

II.    Why does Plaintiff / Class Representative seek approval of the Settlement? ........................ Page 3

III.   What is Settling Defendants' position on the Settlement?  ................................. Page 4

IV.    Why did I get this Notice? ............................................................. Page 4

V.     Who are the parties in this class action? ............................................................. Page 4

VI.    Who are the attorneys representing the parties? ....................................................... Page 4

VII.   What are the terms of the Settlement?  ............................................................. Page 5

       A.  What is the settlement amount?  ............................................................. Page 5

B. How will the settlement payments be calculated and what is the Pay Rate? ................... Page 5

C. What can I expect to receive from the Settlement? ......................................... Page 6

D. What Court-approved payments will be made? .............................................. Page 6

E. What claims will I be giving up if I do not opt out of the Settlement? ........................ Page 7

VIII.   What are my options under the Settlement? ......................................................... Page 8

IX.   When will the Court hold a hearing on whether to finally approve the Settlement?............. Page 10

X.   Additional important information .......................................................................... Page 11

XI.   Who can I contact if I have further questions? ....................................................... Page 11

## I.   **What Is The Purpose of This Notice?**

The purpose of this notice is to let you know that (1) there is a proposed settlement of a class action lawsuit titled *Saldana, et al. v. Amazon.com, SMX, LLC, et al*., which is pending in the United States district court for the Western District of Kentucky in Louisville, Case No. 14-cv-00290-DJH, MDL Case No. 14-MD-2504 ("Action" or "Lawsuit");  (2) the records of Amazon.com reflect you are a member of the Class; and (3) you have the right to participate in this Settlement to receive a share of the settlement proceeds if the Settlement is approved ("Settlement Payment"). This notice also describes your right to exclude yourself from the lawsuit and settlement or to object to the Settlement. Each option is discussed in this Notice in more detail below.

The Action alleges that during the Class Period, October 1, 2012 through [insert date of preliminary approval], Defendants Amazon.com, LLC and Amazon.com Services LLC (collectively referred to herein as "Defendants") failed to pay non-exempt Amazon.com employees who were working at Amazon.com fulfillment and sortation centers for time spent allegedly waiting in line for, and undergoing a security screening process before leaving the premises for (1) meal breaks, (2) rest breaks, and/or (3) at the end of their shifts.  It also alleges, among other things, that the security screening process deprived employees of legally compliant meal and rest breaks and that employees did not receive compliant wage statements.  Further details are below.  The operative complaint is also available at [website].

On December 19, 2013, Plaintiffs David Saldana, Ladaisja Brewster, and Monica Carlin filed a class action lawsuit against Defendants on behalf of themselves and all other Class Members in the Superior Court of California, County of Los Angeles, alleging violations of wage and hour laws for: (1) failure to pay hourly wages, (2) failure to pay overtime, (3) failure to provide meal and/or rest breaks or to pay for missed meal and/or rest breaks, (4) failure to timely pay all wages of terminated or resigned employees, (5) failure to provide properly itemized wage statements, and (6) based on the alleged violations, unfair business practices, and violations of Private Attorneys General Act.  The Lawsuit also sought interest, penalties, attorneys' fees and costs.

On February 28, 2014, this Lawsuit was removed to the Central District of California, and then, on April 2, 2014, it was transferred to the Western District of Kentucky, and consolidated with six other

actions. On June 12, 2014, Khadijah Robertson was added as a Plaintiff to this Lawsuit and is the sole remaining Plaintiff in this Lawsuit.

No court has ruled on the merits of the claims alleged in this Lawsuit. Defendants deny that they engaged in any misconduct or unlawful action in connection with the allegations in this Lawsuit, and deny that they are liable for the claims alleged in the Lawsuit. Defendants also contend that class certification would be unlikely based on the claims alleged by Plaintiffs in the Lawsuit.

The Parties negotiated a no-fault settlement of the Lawsuit ("Settlement") to resolve all disputes and claims alleged in the Lawsuit on behalf of the Class Members. If the Settlement is approved, Settlement Payments will be paid to members of the Class who do not exclude themselves from the Settlement, as discussed in more detail below.

The proposed Settlement was preliminarily approved by the Court on [insert date]. At that time, for settlement purposes only, the Court conditionally certified the class of employees described below in Section IV as the "Settlement Class" and directed that this Notice be mailed to all Class Members. However, this Notice is not an expression by the Court of an opinion concerning the merits of any claim or defense or the truth of any of the allegations made by the parties.

The following is a summary of the Settlement provisions. The specific and complete terms of the proposed Settlement are stated in the Stipulation to Settle Class Action Litigation ("Settlement Agreement"), a copy of which is on file, along with the pleadings and records in this litigation, with the Clerk of the Court located at 601 West Broadway, Courtroom 239, Louisville, Kentucky 40202. Those records are also available electronically, via pacer.gov.

## II.    Why Does Plaintiff Seek Approval of the Settlement?

Plaintiff Khadijah Robertson seeks approval of the Settlement because she has reached a proposed Settlement with Defendants that she believes to be fair, reasonable, adequate, and in the best interests of the members of the Class and all parties.

## III.   What is Defendants' Position on the Settlement?

Defendants view this Settlement as a fair compromise of the claims alleged. Defendants deny the allegations in the Lawsuit, and reserve the right to contest all the claims if for any reason the Settlement is not ultimately approved by the Court.

## IV.   Why Did I Get this Notice?

You received this notice because Amazon.com's records identify you as one of the Class Members, meaning you are or were employed by Amazon.com in California and worked at an Amazon.com warehouse facility (fulfillment centers and sortation centers) ("Covered Facilities") from October 1, 2012 until [insert date of preliminary approval] as a non-exempt employee ("Settlement Class").

## V.    Who are the Parties in this Class Action?

Khadijah Robertson is the remaining Plaintiff in this Lawsuit and worked for Amazon.com in California at an Amazon.com fulfillment center.

Defendants Amazon.com, LLC, and Amazon.com Services LLC (into which Golden State FC, LLC merged effective January 1, 2019) are the settling Defendants.

## VI.    Who are the Attorneys for the Parties?

**Counsel for Plaintiff and the Class:**

Mark R. Thierman
Joshua D. Buck
THIERMAN BUCK LLP
7287 Lakeside Drive
Reno, NV 89511
Tel.: (775) 284-1500

David R. Markham
Maggie Realin
THE MARKHAM LAW FIRM
750 B Street, Suite 1950
San Diego, CA 92101
Tel.: (619) 399-3995

Isam C. Khoury
J. Jason Hill
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101
Tel.: (619) 595-3001

Christopher J. Hamner
HAMNER LAW OFFICES, APC
5023 Parkway Calabasas
Calabasas, CA 91302
Tel.: (818) 876-9631

Walter L. Haines
UNITED EMPLOYEES LAW GROUP PC
5500 Bolsa Avenue, Suite 201
Huntington Beach, CA 92649
Tel.: (310) 234-5678

**Counsel for Defendants**

Richard G. Rosenblatt
Joseph A. Nuccio
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540
Tel.: (609) 919-6600

Kathryn A. Quesenberry
DINSMORE & SHOHL LLP
101 S. Fifth Street, Suite 2500
Louisville, KY 40202
Tel.: (502) 581-8025

If you have questions regarding this Settlement, you should contact the Settlement Administrator, whose contact information is listed below. You may also contact Class Counsel. Do **_NOT_** contact either Counsel for Defendants or Amazon.com's managers or supervisors.

## VII.   What are the Terms of the Settlement?

### A.   What is the settlement amount?

If the Settlement is approved, Defendants will pay up to $11,132,134 to fully and finally resolve all claims in the Action against Defendants (referred to as the "Gross Settlement Fund"). The Gross

Settlement Fund covers attorneys' fees, litigation costs, a class representative/named Plaintiff enhancement payment, and a payment to the California Labor and Workforce Development Agency under the Private Attorneys General Act ("PAGA"), in the amounts to be determined at the time of final fairness hearing. The Gross Settlement Fund will also cover the "Class Settlement Payment," which is $7,158,530, which will be available to pay to all members of the Class who do not opt out of the Settlement.

**B.      How will the Settlement Payments be calculated and what is the Pay Rate?**

The Settlement Class is divided into two subclasses: (1) pre-May 2013 subclass, and (2) post-May 2013 subclass. Your membership in a subclass is determined by the dates of your employment with Amazon.com.

If you were employed with Amazon.com in California and worked at an Amazon.com Covered Facility between October 1, 2012 and April 30, 2013, you are a member of the pre-May 2013 subclass. If the Settlement is approved, each member of the pre-May 2013 subclass who does not opt out of the Settlement will receive a payment of twenty ($20) dollars for each shift worked during the period from October 1, 2012 through April 30, 2013.

If you were employed with Amazon.com in California between May 1, 2013 and [insert date of preliminary approval] and worked at an Amazon.com Covered Facility, you are a member of the post-May 2013 subclass. Each Member of the post-May 2013 subclass who does not opt out of the Lawsuit, will receive a payment estimated in the amount of thirty ($30) dollars, subject to potential adjustment for reasonable third party administrator fees that may be awarded by the Court.

**C.      What can I expect to receive from the Settlement?**

If you are a member of the pre-May 2013 subclass, the estimated amount of your potential Settlement Payment (depending on whether the settlement is approved) is based on the total number of Shifts you worked during the Class Period. If you are a member of the post-May 2013 subclass, your estimated Settlement Payment is thirty ($30) dollars, subject to potential adjustment for reasonable third party administrator fees that may be awarded by the Court.

If you move after you receive this Notice, <u>you must notify the Settlement Administrator</u> in writing.

The Settlement Payments to Participating Class Members will be allocated one-third wages, one-third to PAGA penalties and other penalties, and one-third interest. An IRS Form W-2 will be issued to Participating Class Members for that portion of the Settlement Payment allocated as wages, and, an IRS Form 1099 will be issued for the portions allocated as penalties and interest. Class Members receiving these Settlement Payments will be responsible for correctly characterizing the Settlement Payments for tax purposes and paying all taxes due, if any.

**D.      What Court-approved payments will be made?**

   1.      <u>Payment to the Settlement Administrator</u>. The Court has appointed _____, to act as an independent administrator to process this Settlement. The Settlement Administrator is responsible for formatting, printing, and mailing this Notice packet to all members of the Class,

receiving any Request for Exclusion, calculating and mailing the Settlement Payments to Participating Class Members, and administering the Settlement, among other things.

2. <u>Enhancement Payment to the Class Representative</u>. Plaintiff Khadijah Robertson has been appointed to act as a Class Representative to represent the Class's interests. Subject to court approval, Khadijah Robertson will be paid $10,000 to compensate her for acting as a Class Representative, for initiating and prosecuting the class action lawsuit on behalf of the Class, for the work performed to advance this lawsuit, *i.e.*, review documents, responses to written discovery requests, being available to answer questions at the time of the mediation, among many other things. The proposed enhancement payment will be deducted from the Gross Settlement Fund.

3. <u>Attorneys' Fees and Expenses</u>. The Court has appointed the following law firms as counsel for the Class: Thierman Buck LLP; The Markham Law Firm; Cohelan Khoury & Singer; Hamner Law Offices; and the United Employees Law Group, PC. For nearly eight years, Class Counsel has been prosecuting the Lawsuit on behalf of the Class on a contingency fee basis (that is, without being paid to date) while advancing litigation costs and expenses. The Settlement provides that Class Counsel may request the Court's approval of a payment of up to $3,673,604. In addition, Class Counsel may request reimbursement of their litigation costs and expenses not to exceed $25,000. These payments will be subject to the Court's approval and will be deducted from the Gross Settlement Fund. These amounts compensate Class Counsel for all attorneys' fees and the costs they incurred in prosecuting and settling the Lawsuit and securing final approval. Class Members are not personally responsible for any of Class Counsel's fees or expenses.

4. <u>Payment to the California Labor and Workforce Development Agency</u>.  From the Gross Settlement Fund, the California Labor and Workforce Development Agency will be paid $250,000 pursuant to California Labor Code's Private Attorneys General Act of 2004 ("PAGA") in relation to certain civil penalties raised or implicated by the allegations in the Action.

**E.   What claims will I be giving up if I do not opt out of the Settlement?**

1. <u>Binding Nature of Settlement</u>. If approved by the Court, the Settlement will be binding on all members of the Class who do not ask to be excluded from the Settlement and will bar any such Class Member from bringing any claim alleged in this Lawsuit against Defendants, along with the entities described below. Specifically, Class Members will be giving up or "releasing" the claims described below (called "the Released Claims").

2. <u>Release.</u>  After the Court has approved the Settlement, the Settlement will fully release and discharge Amazon.com, LLC, and Amazon.com Services LLC (into which Golden State FC, LLC merged effective January 1, 2019), and any and all of their parent, subsidiary, predecessor and affiliated entities or related entities (including but not limited to Amazon.com Inc.), current and former directors, officers and employees (the "Releasees") from any and all claims, whether known or unknown, and including those overlapping claims asserted in the consolidated actions captioned *Trevino v. Golden State FC LLC*, Nos. 18-cv-00120-DAD (BAM), 18-cv-00121, 18-cv-00567, 18-cv-01176, and 18-cv-17-01300, currently pending in the U.S. District Court for the Eastern District of California, for: (1) Failure to Pay Hourly Wages (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code §§ 200-204, 206, 210, 212, 223, 510-11, 558, 1194, 1194.2, 1197, 1197.1, 1198,

1199; any IWC Wage Order); (2) Failure to Pay Overtime Wages (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code §§ 200-204, 206, 212, 510-11, 558, 1194, 1197.1, 1198, 1199 any IWC Wage Order); (3) Failure to Provide Meal Periods or Compensation in Lieu Thereof (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code §§ 200, 220, 226.7, 512, 558, 1197.1, 1198, 1199, any IWC Wage Order, Cal. Code Regs., Title 8 §§ 11010 through 11170); (4) Failure to Provide Rest Periods or Compensation in Lieu Thereof (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code §§ 200, 220, 226.7, 512, 558, 1197.1, 1198, 1199; any IWC Wage Order, Cal. Code Regs., Title 8 §§ 11010 through 11170); (5) Failure to Timely Pay Wages of Terminated or Resigned Employees (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code, §§ 201-204, 210, 227.3, 558, 1197.1, 1199); (6) Failure to Comply with Lab. Code, § 226 or § 1174 (including any and all claims for penalties associated therewith, brought under any theory of recovery, or seeking any form of relief, including pursuant to Labor Code § 226.3 or § 1174.5); (7) Violations of the Unfair Competition Law (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Bus. & Prof. Code § 17200 *et seq.*); (8) Claims for penalties brought pursuant to PAGA (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action, including under Lab. Code § 2698 *et seq.*); (9) Violations of Lab. Code § 2810.5 (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action); and (10) Failure to Pay Wages for Work Performed Off-the-Clock (including any claim brought under any theory of recovery, or seeking any form of relief, that was or could have been alleged in this action); and any other derivative or penalty claims, including, but not limited to California Labor Code violations, including any alleged recordkeeping violations (such as a claim brought under Labor Code §§ 226, 226.3 or 1174), Wage Order violations, common law claims, federal law violations (including violations of the Fair Labor Standards Act), and any claims arising under PAGA for work performed as an Amazon employee at a Covered Facility in California ("Released Claims"). It is the express intent of the Parties that the release in this paragraph applies to any claim against Defendants and their parents, subsidiaries, affiliated or related entities for the time period during which Settlement Class Members worked for Defendants at Covered Facilities in California. The release in this paragraph applies to claims arising from the Releasors' employment with Defendants in the State of California from October 1, 2012 until the date of preliminary approval of this Settlement Agreement. This release does not include claims to enforce this Settlement Agreement pursuant to its terms. ("Released Claims").

All Class Members (except Class Members who have effectively opted out of the Settlement) expressly agree that all rights under Section 1542 of the Civil Code of the State of California pertaining to the Released Claims shall be waived. Section 1542 provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

## VIII.  **What Are My Options Under the Settlement?**

As a Class Member you have three options. Each option has its own consequences, which you should understand before making your decision. Your rights regarding each option, and the procedure you must follow to select each option, are set forth below:

### A.  **Option One.  You Can Exclude Yourself From the Settlement**.

Class Members who do not wish to participate in the Settlement for whatever reason should exclude themselves (or "opt out") from this case in the manner described in this section.

To request exclusion, sign, date and return the enclosed Request for Exclusion Form to the Administrator, postmarked on or before _____, 2020. Requests for Exclusion that are not signed or are late will be disregarded, and instead, the Class Member will be bound by the terms of the Settlement and the Release of Claims described above. Class Members who choose to exclude themselves from the Settlement will not participate in the Settlement, will not receive a Settlement Payment, and will not be bound by either the Release of Claims set forth above or the Judgment.

### B.  **Option Two.  You May Stay In the Settlement, But Object to It**.

You may stay in the Settlement (by not requesting to be excluded), and are still able to object to the Settlement. If you object to the Settlement, you are still a Class Member.

Any commentary or objection to the Settlement must be in writing and must explain in clear and concise terms the basis of each objection and set forth the factual and legal arguments supporting the objection. To be considered, your written objection must be filed with the Court at the address shown below, with copies of the objection mailed to Class Counsel (The Markham Law Firm), and Defense Counsel (Morgan, Lewis & Bockius LLP) shown in above in Section VI, postmarked on or before *[Insert date which is 45 days of mailing of Notice Packet]*.

> Clerk of the Court
> United States District Court for the Western District of Kentucky
> 601 West Broadway
> Louisville, Kentucky 40202

Any objection must include your full name, address, and telephone number, last four digits of your social security number, the dates of employment, and reference the name of the case and case number, *Saldana, et al. v. Amazon.com, SMX, LLC, et al*., Case No. 14-cv-00290-DJH, MDL Case No. 14-MD-2504.

If you choose to object to the settlement, you may ask to speak at the Final Fairness and Approval Hearing, or have an attorney represent you at the hearing at your own expense. If you intend to appear in person at the Final Fairness and Approval Hearing, you must file a Notice of Intention to Appear at the Final Approval Hearing with the Court at the address listed immediately above on or before *[insert date]* and also serve the Class Counsel (The Markham Law Firm) and Defense Counsel (Morgan, Lewis & Bockius LLP) at addresses listed in Section VI with your Notice of Intention to Appear.

A failure to timely and properly file and serve a Notice of Intention to Appear at the Final Fairness and Approval Hearing will preclude you from speaking at that hearing. Any Class Member who does not object to the Settlement in the manner described above will be deemed to have waived all objections and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

Only those objections clearly stated in a valid and timely objection will be considered.

If you submit a request to be excluded from the Settlement, you may <u>not</u> object to the Settlement or be heard at the Final Approval Hearing.

### C.    Option Three.  Do Nothing.

If you do not request to be excluded, under the terms of the Settlement, you WILL RECEIVE SETTLEMENT FUNDS and be subject to the release and will be precluded from bringing similar claims to those described above in Section I and those released in Section VII.E in the future. All Class Members who do not opt out of the Settlement will be precluded from bringing any such claims that are released by this Settlement.

## IX.    <u>When will the Court Hold a Hearing on Whether to Finally Approve the Settlement?</u>

The Court will hold a final approval hearing in Courtroom 239 of the United States District Court for the Western District of Kentucky, located at 601 West Broadway, Louisville, Kentucky 40202 on _____, at ___, to determine whether the Settlement should be finally approved as fair, reasonable, and adequate. The Court may also be asked to approve Class Counsel's request for attorneys' fees and costs, the Named Plaintiff/Class Representative's enhancement payment, and the Settlement Administrator's fees and expenses. It is not necessary for you to appear at this hearing.

The Final Fairness and Approval Hearing may be postponed without further notice to the Class.

## X.    <u>Additional Important Information</u>.

Amazon.com will not retaliate in any manner whatsoever against any Class Member who participates in the Settlement to receive a settlement payment or chooses to request exclusion from the Settlement.

## XI.    <u>Who Can I Contact If I Have Further Questions</u>?

You may contact the court-appointed Settlement Administrator by mail or by calling the toll-free number, as follows:

*Saldana, et. al v. Amazon.com, LLC, SMX, LLC, et al.*
Settlement Administrator
_____

_____
(800)_____

You also may contact Class Counsel at the contact information listed above in Section VI if you have any questions about the Settlement. **PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, ATTORNEYS FOR AMAZON.COM, OR THEIR MANAGERS AND SUPERVISORS.**

# EXHIBIT 2

*Exclusion Form*

# EXHIBIT 2

United States District Court, Western District of Kentucky (Louisville)
*Saldana et al. v. Amazon.com, LLC, SMX, LLC, et al.*
Case No.  14-cv-00290-DJH; MDL Case No. 14-MD-2504

# REQUEST FOR EXCLUSION FROM SETTLEMENT

*[This form should be returned ONLY if you do not wish to participate in the Settlement and do not wish to receive your share of the Settlement monies described in accompanying Notice.]*

As a Class Member, I understand that I have the option to elect to request exclusion or to "opt out" of the Settlement Class as described in the accompanying Notice. I wish to exclude myself from this Settlement. I understand that by exercising this option, I will remain free to bring my own lawsuit regarding the claims that are being released by this Lawsuit.

1.     I also understand that by electing to opt out of the *Saldana et al. v. Amazon.com, LLC, SMX, LLC, et al.* Settlement, I will be not be eligible to receive a Settlement Payment that I might otherwise receive if the Settlement is approved. I also understand that if I opt out of this Settlement, and wish to prosecute any claims on my own and be represented by an attorney, I will need to hire one at my own expense. With full understanding of the foregoing, I wish to exclude myself from this Settlement.

Name (First, Middle, Last): _____
Home Street Address:  _____
City, State, Zip Code:  _____
Former Names (if any):  _____
Telephone Numbers:  Home: _____ Work: _____
Last 4 digits of Social Security Number:  xxx-xx- __ __ __ __

DATED: _____, 2020.

_____
SIGNATURE                **[required]**

_____
[PRINT NAME]

**PLEASE RETURN THIS FORM IN THE ENVELOPE PROVIDED
OR VIA UNITED STATES FIRST-CLASS MAIL TO:**

___Settlement Administrator
c/o_____
P.O. Box
_____

*Questions? Call 1-866-_____*
**REQUEST FOR EXCLUSION FORM**