UNITED STATES DISTRICT COURT
WESTERN DIVISION OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| IN RE: AMAZON.COM, INC., FULFILLMENT CENTER FOR FAIR LABOR STANDARDS ACT (FLSA) AND WAGE AND HOUR LITIGATION<br><br>This Document Relates to *Saldana v. Amazon.com, LLC*, Case No. 14-CV-00290-DJH | Master File No. 3:14-MD-2504<br>MDL Docket No. 2504<br>Judge: Hon. David J. Hale<br><br>**DECLARATION OF PETER R. DION-KINDEM IN SUPPORT OF MOTION TO INTERVENE FOR THE PURPOSE OF OPPOSING THE PRELIMINARY APPROVAL AND/OR OTHER RELIEF DEEMED APPROPRIATE**<br><br>Date:<br>Time:<br>Dept: 106<br>Judge: Hon. David J. Hale |

**Declaration of Peter R. Dion-Kindem in Support of Motion to Intervene**

1

I, Peter R. Dion-Kindem, declare:

1. I am counsel for the proposed Plaintiffs in Intervention, who are Plaintiffs in the Trevino action pending in the Eastern District of California.

2. The *Trevino* action pending in the Eastern District of California is a consolidated matter comprising five wage and hour class action lawsuits, the earliest of which was filed on July 12, 2017.

3. The initial proceedings in all the actions were litigated on Amazon's behalf by Morgan Lewis, who has also been counsel to Amazon in these MDL proceedings.

4. After initial discovery and depositions and motions on the pleadings were completed in the California actions, the Amazon Defendants substituted Gibson Dunn as new counsel, who proceeded with aggressive litigation tactics designed to make completing discovery and class certification as difficult as possible for the *Trevino* Plaintiffs.

5. When those tactics could no longer delay hearing on the motion for class certification, Amazon tasked Morgan Lewis with settling the remaining MDL claims on a class basis as quickly as possible to avoid an adverse class certification ruling in *Trevino*.

6. Before consolidation in *Trevino*, Defendants' first attempt to forum shop this matter occurred when they attempted to transfer and consolidate the *Trevino* cases with this MDL, even though MDL proceedings were no longer pending in the Western District of Kentucky.

7. This Court had already granted Defendants' Motion for Summary Judgment against Robertson's individual claims in the MDL and the matter was pending appeal to the Sixth Circuit.

8. The Defendants' attempt to forum shop the cases into the MDL was denied by the JPML panel on the basis that the MDL action had already concluded and that the transfer would be inefficient.

9. Not to be deterred, the Amazon Defendants next sought to stay the *Trevino* matters either in whole or in part based on the pending appeal in the Sixth Circuit.

10. Shortly after the hearing on the Motion to Stay, the *Trevino* Plaintiffs sought to file a consolidated complaint.

11. On June 28, 2019, the Court for the Eastern District of California denied Defendants' Motion to Stay.

12. Defendants next attempted to forum shop by moving the *Trevino* cases from the Eastern District to the Central District of California, where a new case against Defendants had been filed. The District Court of the Central District of California denied Defendants' motion.

13. While the MDL trial court proceedings were stayed pending Robertson's appeal, the *Trevino* matter was actively litigated. Following two Court-ordered continuances, the *Trevino* Plaintiffs' motion for class certification, which was filed on November 26, 2019 and extensively briefed, was finally set for a hearing on May 8, 2020.

14. The *Trevino* Court has now vacated the hearing once again and requested the parties to brief the impact of the MDL Settlement on the proposed Classes of California employees in *Trevino*.

15. While these proceedings have been stayed for several years pending Robertson's appeal, the *Trevino* matter has been thoroughly prepared for certification in the Eastern District of California. The *Trevino* Plaintiffs sought substantial discovery in five separate actions and in the consolidated action, including compelling Amazon to produce comprehensive class data, defeated numerous attempts by Amazon to move or delay the case, hired an expert, and deposed numerous Amazon representatives and the experts retained by Amazon.

16. The parties fully briefed the motion for class certification and provided and responded to Notices of Supplemental Authority.

17. One of those notices pertained to the recent ruling issued by the California Supreme Court in *Frlekin*, which answered a certified question from the Ninth Circuit by ruling that time spent in exit screenings is compensable under California law. (*Frlekin v. Apple*

*Inc.*, 8 Cal.5th 1038, 1057 (2020) (the employer "must compensate those employees to whom the policy applies for the time spent waiting for and undergoing these searches.").)

18. After fully briefing the class certification issues under Rule 23 and prior to the certification hearing, the *Trevino* Plaintiffs and Amazon engaged in a mediation. It was unsuccessful

19. The *Trevino* case has proceeded along expeditiously while the present MDL Action has remained stayed while on appeal. After Robertson lost on summary judgment and appealed, the *Trevino* Plaintiffs conducted substantial discovery, including payroll records, time records (which only followed a contested discovery motion and hearing), thousands of documents produced by Amazon, and completed depositions. The *Trevino* Plaintiffs hired an expert to prepare a report for certification. The *Trevino* Plaintiffs deposed Amazon representatives and its expert witnesses. The Amazon Defendants also deposed Plaintiffs and initiated contested discovery Motions to Compel production from them.

20. The *Trevino* Plaintiffs seek to intervene for the purpose of opposing the Motion for Preliminary Approval of the proposed 2020 MDL Settlement. Should the Court wish to defer considering the merits of the settlement, or lack thereof, or would like to rely on a class certification analysis by a sister-district Court in California, the *Trevino* Plaintiffs ask the Court to stay the MDL Action pending the Eastern District of California's ruling on their motion for class certification.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Dated: May 21, 2010

_____
Peter R. Dion-Kindem

**Declaration of Peter R. Dion-Kindem in Support of Motion to Intervene**

3